UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ROXANNE CHAISSON**              **CASE NO. 6:21-CV-02848**

**VERSUS**                        **JUDGE ROBERT R. SUMMERHAYS**

**TRAVELERS INDEMNITY CO OF**     **MAGISTRATE JUDGE PATRICK**
**CONNECTICUT ET AL**             **J. HANNA**

### REPORT AND RECOMMENDATION

Before the Court is a motion for remand filed by Plaintiff Roxanne Chaisson ("Plaintiff" or "Chaisson"). (Rec. Doc. 10). Defendants Brookshire Grocery Company ("Brookshire") and Travelers Indemnity Company of Connecticut ("Travelers") (collectively "Defendants") oppose the motion. (Rec. Doc. 12). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's motion to remand be DENIED.

### Factual Background

This suit originated in Louisiana's Fifteen Judicial District Court for the Parish of Lafayette. (Rec. Doc. 1-2). Plaintiff filed suit against Brookshire, its indemnity company, Travelers, and alleged grocery store manager, Kaleb Doyle ("Doyle"). (*Id.* at ¶ 1). Plaintiff claimed she was injured when she slipped and fell

on a collection of water from a nearby freezer while shopping at Brookshire's Super 1 Foods store located at 215 W. Willow Street in Lafayette, Louisiana. (*Id.* at ¶ 4).

Plaintiff is a citizen of Lafayette Parish, Louisiana. Defendant Brookshire is a Texas corporation with its principal place of business in Tyler, Texas. Defendant Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut. Defendant Doyle is a citizen of the State of Louisiana. (Rec. Doc. 1 at ¶¶ 6-9).

Defendants removed the suit to this court on the basis that diversity jurisdiction exists when Doyle's citizenship is disregarded. Defendants assert that Plaintiff alleges no facts giving rise to a viable claim against Doyle, as the store manager, under Louisiana law. (Rec. Doc. 1). Plaintiff filed the instant motion to remand, arguing a lack of diversity among the parties as required under 28 U.S.C. §§ 1332 and 1441. (Rec. Doc. 9).

The motion is fully briefed and properly before the Court for consideration.

## Law and Analysis

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1]  Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter

---

[1] See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)).

jurisdiction."[2] A federal court has "diversity jurisdiction" when the amount-in-controversy exceeds $75,000 exclusive of interest and costs, and the citizenship of the plaintiff is diverse from that of all of the defendants.[3] A removing party bears the burden of establishing diversity jurisdiction.[4] "Any ambiguities are construed against removal and in favor of remand to state court."[5]

Defendants argue that Doyle's citizenship should be disregarded for diversity jurisdiction purposes based on the doctrine of improper joinder. (Rec. Doc. 29). The doctrine of improper joinder is a narrow exception to the complete diversity requirement.[6] The removal statutes "entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'"[7] "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."[8]

To establish improper joinder, defendants must prove either actual fraud in the pleading of jurisdictional facts, or the plaintiffs' inability to establish a cause of action against the nondiverse party in state court.[9] Here, there is no allegation of

---

[2] 28 U.S.C. § 1447(c).
[3] See 28 U.S.C. § 1332(a).
[4] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[5] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d at 397; *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d at 723; *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).
[6] *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011); *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).
[7] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).
[8] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d at 573.
[9] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).

actual fraud. Therefore, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[10]

A defendant contending that a nondiverse party is improperly joined has a heavy burden of proof.[11] The court must evaluate the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving contested issues of substantive fact in favor of the plaintiff.[12] The sufficiency of a plaintiff's state-court petition for purposes of the improper joinder analysis is measured under federal pleading standards.[13] Thus, the analysis used to determine whether a defendant is improperly joined is the same as that used to determine whether a claim has been stated under Fed. R. Civ. P. 12(b)(6). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[14]

Under that standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[15] "A claim has facial plausibility when the

---

[10] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d at 648).
[11] *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).
[12] *Green v. Amerada Hess*, 707 F.2d at 205; *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).
[13] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).
[14] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d at 573.
[15] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[17] As part of this analysis, the court must proceed in two steps. First, the court must separate legal conclusions from well-pleaded facts.[18] Second, the court must review the well-pleaded factual allegations, assume them to be true, and then determine whether they "plausibly give rise to an entitlement of relief."[19] "[A] single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."[20]

Plaintiff acknowledges and does not dispute Brookshire's assertion that Doyle was not employed by Brookshire at the time of the accident at issue and, therefore, was erroneously named to this suit. (Rec. Docs. 1 at ¶ 12, 10 at p. 4). Plaintiff argues that "whoever the grocery manager was" would occupy the same relationship to Plaintiff under Louisiana law. (*Id.*).

---

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.
[18] *Ashcroft v. Iqbal*, 556 U.S. at 678-79.
[19] *Ashcroft v. Iqbal*, 556 U.S. at 679.
[20] *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004). See, also, *Green v. Amerada Hess Corp.*, 707 F.2d at 208 ("If even one of Green's many claims might be successful, a remand to state court is necessary.").

Louisiana tort law does not recognize a claim against an individual store manager in slip-and-fall cases unless four elements are demonstrated: (1) the employer must owe a duty of care to third parties, the breach of which is alleged to cause damages claimed by Plaintiff; (2) the employer delegated the duty to the store manager; (3) the store manager breached this duty through personal fault; and (4) the store manager must have may not be premised on "general administrative responsibility for some function of his employment."[21]

Plaintiff's motion reveals her claims against Doyle, or his predecessor, to be clearly based on a grocery store manager's general administrative duties. Plaintiff's state court petition alleges, relative to Doyle:

> 7. Doyle and Brookshire caused the Incident.
>
> 8. Doyle, as grocery store manager, was obligated to keep the Premises free of dangerous conditions such as the Defect, and was obligated to warn customers about any such danger.
>
> 9. He failed in those obligations.
>
> 10. Doyle, and Brookshire through its employees, failed to detect, correct or warn about the dangerous condition of which they had actual or constructive notice.
>
> (Rec. Doc. 1-2 at ¶¶ 7-10).

---

[21] *Ford v. Elsbury,* 32 F.3d 931, 936 (5th Cir. 1994); *Elder v. Wal-Mart Stores, Inc.*, 751 F.Supp. 639, 641 (E.D. La. 1990) citing *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973).

Plaintiff's allegations are insufficient to state a viable claim against Doyle under Louisiana law. Disregarding the fact that the parties agree Doyle was not the store manager of the Super 1 location at issue in this case on the date in question, the petition fails to go beyond vague, generalized assertions of liability. Plaintiff fails to identify any personal duty owed by Doyle, any alleged breach of such duty, or facts supporting the assertion that Doyle had notice of the leaking cooler. District courts considering similar allegations have uniformly found a lack of viable claims against store managers.[22] The same result is warranted here.

Plaintiff's motion asks for leave to conduct discovery and states that "expects that she will be able to develop evidence of the grocery manager's personal knowledge of the leaking freezer and his or her failure to remedy it" if granted such leave. (Rec. Doc. 10 at p. 5). Defendants argue against a grant of leave to amend Plaintiff's complaint on the basis of futility. (Rec. Doc. 1 at ¶ 13).

Amendment should be freely permitted when justice so requires. Fed. R. Civ. P. 15. "A district court may deny a proposed amendment for futility – meaning the amended complaint would fail to state a claim upon which relief could be granted."[23]

---

[22] *Triplett v. DG Louisiana, LLC*, Civ. Act. No. 19-cv-11896, 2019 WL 5309968 (E.D. La. 2019); *Rushing v. Wal-Mart Stores, Inc.*, Civ. Act. No. 15-cv-269, 2015 WL 1565064 (E.D. La. 2015); *Black v. Lowe's Home Centers, Inc.*, Civ. Act. No. 10-478-C-M2, 2010 WL 4790906 (M.D. La. 2010); *Dusang v. Lowes Home Centers, Inc.*, Civ. Act. No. 08-cv-821, 2008 WL 3884395 (W.D. La. 2008).

[23] *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)).

As did the Eastern District of Louisiana court in *Carpenter v. Wal-Mart*,[24] we find that any future amendment to substitute "whoever" the store manager was on the date of the accident in question would, under the facts now alleged, fail to state a viable claim for relief under Louisiana law. As in *Carpenter*, the named store manager was not employed by the subject store at the time of plaintiff's accident and plaintiff sought leave to amend to add the proper store manager. Unlike *Carpenter*, the instant plaintiff does not propose an actual amendment at this time. Rather, Plaintiff seeks additional discovery to learn the name and potential liability of the store manager. As in *Carpenter*, we find that Plaintiff's allegations, as stated, concern a store manager's general administrative responsibilities, foreclosing liability under Louisiana law.[25] Accordingly, to the extent Plaintiff's motion incorporates an additional motion for leave to amend, such motion is denied at this time. Should Plaintiff discover evidence of any personal breach of duty by the appropriate store manager, the undersigned will recommend Plaintiff be permitted to renew her motion before the Court. Presented with an actual proposed amendment

---

[24] Civ. Act. No. 14-cv-2370, 2015 WL 4509709 (E.D. La. 2015).
[25] *Giles v. Wal-Mart Louisiana LLC*, Civ. Act. No.16-cv-2413, 2016 WL 2825778 n. 2 (E.D. La. 2016) (citing *Martin v. Winn Dixie Montgomery, LLC*, Civ. Act. No. 15-cv-5770, 2016 WL 952258 (E.D. La. 2016) in which the plaintiff allegedly slipped on water accumulated on the floor because of a leaking cooler failed to state a claim against the store manager by alleging, without further evidence, that the manager had direct knowledge" of the leaking cooler, as such allegations implicate only the manager's "general administrative duties").

indicating a non-diverse defendant, the Court will be required to undertake a *Hensgens* analysis at that time.[26]

Considering this Court's finding that Plaintiff's complaint fails to state a claim against Doyle under applicable Louisiana law, the Court also finds Doyle was improperly joined to this suit and, accordingly, his citizenship may be disregarded for jurisdictional purposes. Accordingly, the parties are deemed diverse in citizenship for purposes of subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Plaintiff's motion for remand be DENIED based on this Court's finding that defendant Doyle's Louisiana citizenship should be disregarded for diversity jurisdiction purposes because Plaintiff's complaint fails to state a viable claim against Doyle under Louisiana law. It is further recommended that, should Plaintiff discover evidence demonstrating *Canter* liability on the part of the unnamed store manager, she be permitted to reurge her motion for remand on that basis.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

---

[26] *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).

9

Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 11th day of January, 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE